UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MARK C. HOTTON,

    Petitioner,

  v.

DAVID ORTIZ, et al.,

    Respondents.

Civ. No. 18-11573 (NLH)

OPINION

---

APPEARANCES:
Mark C. Hotton, No. 81697053
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

Anne B. Taylor, Esq.
John Andrew Ruymann, Esq.
Office of the U.S. Attorney
401 Market Street
Camden, NJ 08608
    Counsel for Respondents

HILLMAN, District Judge

    Petitioner Mark C. Hotton, a prisoner presently confined at the Federal Correctional Institution ("FCI") at Fort Dix in Fort Dix, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the calculation of his sentence. ECF No. 1. Respondent filed a Motion to Dismiss the Petition in which he argues that the Petition should be dismissed for lack of jurisdiction. ECF No. 5. Petitioner filed an opposition to the Motion, ECF No. 8, and Respondent

filed a reply, ECF No. 9. The Motion is now ripe for disposition. For the reasons that follow, the Court will grant the Motion and dismiss the Petition for lack of jurisdiction.

I. BACKGROUND

On October 12, 2012, a criminal complaint was filed in the U.S. District Court for the Southern District of New York charging Petitioner with wire fraud. See No. 12-cr-825, ECF No. 1 (S.D.N.Y.). Petitioner was arrested by warrant on separate charges in the U.S. District Court for the Eastern District of New York and taken into federal custody on October 15, 2012. See No. 12-cr-649, ECF No. 15 (E.D.N.Y.). Petitioner was released on bond on both the Eastern and Southern District charges on July 31, 2013. See No. 12-cv-649, ECF No. 81 (E.D.N.Y.). Petitioner's bail was revoked on October 17, 2013, and he was remanded back to custody. See No 12-cr-649, ECF No. 102 (E.D.N.Y.).

On October 10, 2014, Petitioner was sentenced in the Southern District of New York to a term of 34 months of imprisonment for wire fraud in violation of 18 U.S.C. § 1343 as well as three years of supervised release upon release from prison. See No. 12-cr-825, ECF No. 61 (S.D.N.Y.). All prior custody credit (October 12, 2012 to July 31, 2013, and October 17, 2013 to October 9, 2014) was applied to the Southern District sentence. See ECF No. 5-3, BOP Sentence Computation

2

Data.  Including good conduct time, Petitioner was released from his 34-month sentence on June 20, 2015.  Id.

Five days later, on June 25, 2015, Petitioner was sentenced in the Eastern District of New York to a term of 135 months' imprisonment for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and § 1956(h).  See No. 12-cr-649, ECF No. 231 (E.D.N.Y.).  His Eastern District sentence commenced on the date of sentencing, and he was awarded prior custody credit from June 21, 2015 (the day after release from his Southern District sentence) to June 24, 2015 (the day prior to the sentencing for his Eastern District case).  See ECF No. 5-3.  Petitioner's projected release date, assuming he receives all good conduct time, is May 3, 2025 for the Eastern District sentence.  See id.

In the Petition filed on July 12, 2018, Petitioner argues that (1) the BOP misapplied his prior custody credit to his Southern District sentence, and that application of his prior custody credit should have been split between his Southern and Eastern District sentences, and (2) had the BOP split the prior custody credit as he describes, the Eastern District sentencing judge should have properly applied U.S. Sentencing Guideline § 5G1.3 to run his sentences concurrently.  See ECF No. 1.

Petitioner previously raised these arguments in both the Eastern and Southern Districts of New York.  In the Southern

3

District of New York, the Government opposed Petitioner's "Motion to Correct Mistake or Omission per Federal Rules of Criminal Procedure Rule 36 & 18 U.S.C. § 3584(a) & (b)." See No. 12-cr-825, ECF No. 71 (S.D.N.Y.). The Government argued that the Southern District lacked jurisdiction to consider the motion because Petitioner's Southern District sentence was discharged before the imposition of his Eastern District sentence such that there was no "concurrency" that could have been imposed. See id. The Southern District reviewed the motion and briefs, determined that Petitioner's issue was properly heard by the Eastern District, and transferred the motion to that court. See No. 12-cr-825, ECF No. 74 (S.D.N.Y.).

The transferred materials were docketed in the Eastern District of New York on January 2, 2018. See No. 12-cr-649, ECF No. 313 (E.D.N.Y.). The transferred motion was nearly identical to one Petitioner had already filed in that court on October 23, 2017. Compare No. 12-cr-649, ECF No. 296, with ECF No. 313. In his October 23, 2017 motion, Petitioner asked the sentencing court to make his Eastern District sentence concurrent with his Southern District sentence pursuant to an application of § 5G1.3. See No. 12-cr-649, ECF No. 296 (E.D.N.Y.). On November 22, 2017 the Government responded in opposition, relying upon the facts that the two convictions were for separate conduct, the Southern District sentence was discharged before Petitioner

was sentenced in Eastern District, and any such challenge had to have been brought on direct appeal. See No. 12-cr-649, ECF No. 303 (E.D.N.Y.). Separately, Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255 in the Eastern District, in which he alleges ineffective assistance of counsel. To date, the Eastern District has taken no action on Petitioner's motions. See generally No. 12-cr-649 (E.D.N.Y.).

II. STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult,

708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

III. ANALYSIS

    A.    Petitioner's Challenge to the Custody Credit Awarded to the Discharged Southern District of New York Sentence

A federal district court in a petitioner's district of confinement has subject-matter jurisdiction to hear a challenge to the execution of that petitioner's sentence by the Bureau of Prisons. Gomari v. Arnold, 533 F.2d 871, 875 (3d Cir. 1976). Such a challenge includes the BOP's calculation of the appropriate amount of prior custody credit to apply to a sentence. See, e.g., Vega v. United States, 493 F.3d 310, 313-14 (3d Cir. 2007) (challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241). Such habeas jurisdiction, however, "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004).

Here, Petitioner challenges the BOP's calculation of his Southern District sentence as it relates to the BOP's application of prior custody credit to that sentence. See ECF

No. 1.  Petitioner contends that he was in the custody of the Eastern District of New York from the date of his "bail revocation on 10/17/13 to [his] S.D.N.Y. sentencing of 10/10/14." Id.  The BOP, however, applied all this prior custody credit to his Southern District sentence, which resulted in Petitioner being discharged from his Southern District sentence on June 20, 2015, five days before he was sentenced for his Eastern District conviction, and well before the filing of this Petition.

Petitioner argues in response that this Court has jurisdiction over his claim because although he was not incarcerated under the conviction he now challenges, he was under the sentence's period of supervised release, which, he asserts, satisfies the "in custody" requirement, citing United States v. Brown, 117 F.3d 471 (11th Cir. 1977).  Although Petitioner is generally correct about his assertion, Petitioner was not under the supervised release requirement of his Southern District sentence at the time of the filing of the Petition or at any point thereafter.

A term of supervised release commences following the defendant's release from his or her sentence of imprisonment, including any transitional community-based confinement or home confinement.  See 18 U.S.C. § 3624(e).  Incarceration during a term of supervised release does not count towards the supervised

7

release term unless the sentence is less than thirty days; any period of incarceration exceeding thirty days tolls the period of supervised release. See 18 U.S.C. § 3624(e); United States v. Earl, 729 F.3d 1064, 1068 (9th Cir. 2013) ("We therefore interpret the term 'released' in the context of the statute to require not only release from imprisonment, but also release from the BOP's legal custody at the expiration of the prisoner's prescribed sentence."); United States v. House, 501 F.3d 928 (8th Cir. 2007) (supervised release term ran when defendant was released on bond on state charges, but supervised release was tolled when defendant began serving prison sentence). Because Petitioner was imprisoned on the Eastern District sentence when he filed the Petition, he cannot meet the "in custody" requirement for the Southern District sentence he seeks to challenge. Therefore, this Court lacks jurisdiction over his claim for relief and the Petition will be dismissed.[1]

---

[1] Even if the Court had jurisdiction over this claim, Petitioner's claim would lack merit. The BOP's calculation of prior custody credit is governed by 18 U.S.C. § 3585. Pursuant to that section, "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." Id. The BOP is thus statutorily required to credit Petitioner's accrued prior custody credit to his first federal sentence and lacks discretion to withhold or delay that credit

8

B.  Petitioner's Challenge to the Application of U.S. Sentencing Guideline § 5G1.3 to his Southern and Eastern District Sentences

The Petition as drafted appears to challenge the application of U.S. Sentencing Guideline § 5G1.3 to his Eastern District sentence, an argument conditioned on the success of his first argument regarding the misapplication of the prior custody credit to his Southern District sentence rather than both his Southern and Eastern District sentences.  Petitioner clarifies in his opposition brief to the Motion to Dismiss that "Petitioner does not ask this Court to correct the § 5G1.3 error, but only the BOP's incorrect calculation of the SDNY sentence."  ECF No. 8 at 2.  Indeed, Petitioner concedes that such a "decision must be made by the EDNY Court in the § 2255 presently before it."  Id.  As such, the Court will not address any conditional argument regarding any alleged error of the application of § 5G1.3.

III. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction.  An appropriate order will be entered.

Dated: June 24, 2019       s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.

---

in anticipation of a new federal sentence to be imposed on a different charge.

9